Derek A. Newman, State Bar No. 190467
derek@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Movant John Doe

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE,<br><br>Movant,<br><br>v.<br><br><br>SECURITIES AND EXCHANGE COMISSION<br>of the UNITED STATES,<br><br>Respondent. | No. 3: 11-mc-80209-CRB<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH ADMINISTRATIVE SUBPOENA**<br><br>Date: to be determined<br>Time: to be determined |

## I. ISSUE PRESENTED

Before invading Doe's privacy, the SEC must demonstrate that it has a compelling governmental interest that outweighs Doe's right to anonymous free speech. The SEC admits that it is on a fishing expedition: it has not yet identified any violations of law and presents only speculative statements from its attorneys that violations of the Securities Act of 1933 might have occurred. The SEC presents no evidence that Doe was involved in any alleged malfeasance. Should this Court sanction the SEC's fishing expedition into a private email account?

## II. AUTHORITY

**A.  The SEC only speculates that the Securities Act was violated.**

In order to seek information protected by the Constitution pursuant to an administrative

1  subpoena, the SEC must produce evidence supporting its legal claims that Securities Act
2  violations have occurred. *Brock v. Local 375, Plumbers Int'l Union*, 860 F.2d 346 (9th Cir.
3  1988)(holding that a government agency must demonstrate a compelling governmental interest
4  in support of an administrative subpoena); *Anonymous Online Speakers v. United States Dist.*
5  *Court (In re Anonymous Online Speakers)*, 2011 U.S. App. LEXIS 487 at *14-16 (9th Cir. Jan.
6  7, 2011). The SEC's failure to produce any evidence other than speculation and conclusory
7  allegations by its attorneys precludes the SEC from discovering Doe's identity.

8        The SEC claims that the <jeffreyhooke@gmail.com> address may have been involved in
9  a "pump and dump" scheme with the Jammin Java coffee corporation. (U.S. Securities and
10 Exchange Commission's Opposition to Motion to Quash ("Opposition") at 2:5-24.). In order to
11 prove that a violation of the Securities Act has occurred under the SEC's "pump and dump"
12 theory, the SEC must prove that false and misleading statements about Jammin Java were made
13 to the marketplace. *United States v. Zolp*, 479 F.3d 715, 717 n.1 (9th Cir. 2007). Although the
14 SEC speculates that Internet communications regarding Jammin Java may contain false
15 statements, the SEC appears to have done no investigation to verify the truth or falsity of those
16 Internet communications – and has not even bothered to present the communications to the
17 Court. (Opposition at 7:22-24 (Admitting that "the SEC is still in the process of determining
18 what federal securities laws violations, if any, have even been committed and by whom."))

19       Instead of relying on investigation of these undisclosed Internet statements, the SEC
20 notes only that the Jammin Java company's stock rose and then fell at the same time that the
21 Internet communications regarding the company were made, and that Jammin Java filed
22 documents indicating it was a shell company. (Opposition at 2:8-13.)

23       But none of those facts indicate that false or misleading statements were made. As the
24 documents relied on by the SEC demonstrate, Jammin Java was a new company that purchased a
25 farm and coffee production business with the rights to use the Marley family name in connection
26 with coffee. (Declaration of Kyle De Jong in Support of SEC's Opposition ("De Jong Decl.") at
27 Ex. C.) A rise and fall of stock in a new company with a valuable intellectual property asset
28 occurs continually in the market, and is not alone evidence of fraud. Moreover, it is not illegal to

send communications about a new company with a valuable and as-yet untapped asset. The SEC has failed to produce the Internet communications, or identify any statements at all regarding Jammin Java, let alone provided evidence that those statements were false or misleading. Instead, the SEC asks this court to forgive investigative laziness by sanctioning an unsupported fishing expedition.

**B.     The SEC has produced no evidence that either the <jeffreyhooke@gmail.com> account or John Doe were involved with Jammin Java.**

Even if the SEC had proven that it had a legal basis to believe that Jammin Java violated the Securities Act, the SEC must still produce evidence that the information sought is relevant to its investigation. *SaleHoo Group, Ltd. v. ABC* Co., 722 F. Supp. 2d 1210, 1216 (W.D. Wash. 2010). The SEC relies solely on a conclusory statement from one of its attorneys that the SEC "has obtained information indicating that the email address 'jeffreyhooke@gmail.com" potentially belongs to a touter in the 'pump and dump' scheme." (De Jong Decl. at 2:12-13.) Tellingly, although the SEC claims that Doe touted a stock, the SEC produces no correspondence or statements from Doe. Touting must necessarily be done to third parties, and the SEC's theory is that these communications were made to the Internet at large. There is no possible reason for the SEC to conceal statements allegedly made by Doe if they exist. The SEC is simply fishing.

**C.     The SEC must meet the *Anonymous Online Speakers* test and has not done so.**

The SEC argues that the *Anonymous Online Speakers* test, requiring the SEC to prove each element of its claim sufficient to survive a hypothetical motion for summary judgment, [1] does not apply because it is a government agency using an administrative subpoena, not a private party using a discovery subpoena. (Opp. at 7:7-12.) As an initial matter, the burden of proof is of academic interest only: the SEC has presented no evidence other than speculation and conclusion in support of its claims, and the subpoena should be quashed under any standard.

---

[1] The 9th Circuit found no clear error in the District Court's application of the summary judgment standard to a private litigant's discovery subpoena. *Anonymous Online Speakers,* 2011 U.S. App. LEXIS 487 (9th Cir. Jan. 7, 2011).

3
REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH ADMIN SUBPOENA - 11-mc-80209-CRB

1   Moreover, the SEC is mistaken that the test approved in *Anonymous Online Speakers*
2   does not apply. *Anonymous Online Speakers* establishes the test for both private and public
3   parties seeking Constitutionally-protected information via a subpoena.

4   Relying principally on *Brock v. Local 375, Plumbers Int'l Union*, 860 F.2d 346 (9th Cir.
5   1988), the SEC claims that rather than meet the *Anonymous Online Speakers* test, all it need do is
6   point to its enabling statute and indicate that it is investigating potential violations of law to
7   surmount Constitutional protections. (Opposition at 4:24-5:5.) But in *Brock*, the 9th Circuit
8   considered whether a labor union had a freedom of association right to resist a Department of
9   Labor administrative subpoena for the union's funding records. The *Brock* court held that a party
10  resisting disclosure of information pursuant to an administrative subpoena had the initial burden
11  of identifying a protected interest, but once that burden was satisfied the government agency
12  bore the burden of justifying its subpoena.

13  Doe has identified a protected interest: his right to engage in anonymous online speech.
14  The SEC's argument that Doe has not identified a protected interest because the subpoena will
15  not invade his free speech right to anonymous speech is mystifying. (Opp. at 5:15-6:2.) Doe has
16  a right to *anonymous* speech. *Mcintyre v. Ohio Elections Comm'n,* 415 U.S. 334, 357 (1995);
17  *Buckley v. Am. Constitutional Law Found.,* 525 U.S. 182, 192 (1999); *Talley v. California,* 362
18  U.S. 28 60. 64 (1960); *Watchtower Bible & Tract* Soc'y of *New York v. Village* of *Stratton,* 536
19  U.S. 150, 166-67 (2002); *Reno v. American Civil Liberties Union,* 521 U.S. 844, 870 (1977).
20  Anonymous speech is necessarily free of identifying information: the subpoena seeks Doe's
21  identifying information. The subpoena eviscerates Doe's right to spread his views across the
22  Internet free of government intrusion into his identity.

23  Once the party resisting a subpoena has identified a protected interest, the burden shifts to
24  the government to demonstrate a compelling need sufficient to overcome that interest. *Brock*,
25  860 F.2d at 349-50. The SEC's argument that it may simply point to a broad governmental goal
26  – such as combating securities fraud – rather than providing evidence that it is investigating an
27  actual violation is simply mistaken. In *Perry v. Schwarzenegger*, 591 F.3d 1147, 1161 (9th Cir.
28  2010), the 9th Circuit clarified that *Brock* required an evaluation of whether the strength of the

1  Government's asserted interest "is sufficient to justify the deterrent effect on the free exercise of
2  [the] constitutionally protected right[.]" While investigation of securities fraud is a government
3  interest in the abstract, there is no compelling government interest in a fishing expedition into
4  private email addresses in the absence of evidence that a fraud has occurred.
5       In *Anonymous Online Speakers*, the 9th Circuit approved the analysis the court must
6  undertake to determine if the SEC's interest is sufficiently strong to overwhelm Doe's free
7  speech rights. *Anonymous Online Speakers,* 2011 U.S. App. LEXIS 487 at *11-16. The test is
8  identical for a private party seeking discovery information and for a government agency using an
9  administrative subpoena. *Compare Brock* 860 F.2d at 349-50 with *Anonymous Online Speakers,*
10 2011 U.S. App. LEXIS 487 at *11. The SEC must prove, to the standard necessary to defeat
11 summary judgment, that it has sufficient evidence justifying its investigation and that Doe's
12 identity is necessary. *SaleHoo Group,* 722 F. Supp. 2d at 1216. The SEC has not done so by
13 supplying conclusory statements from its attorneys and speculative claims that fraud might have
14 occurred.
15      Similarly, the SEC's assertion that the Electronic Communications Privacy Act (ECPA)
16 allows unsupported fishing expeditions is simply mistaken. (Opposition at 3:24:4:21.) The ECPA
17 allows the SEC to obtain electronic subscriber information with an administrative subpoena,
18 rather than a search warrant or through the civil discovery process. But the ECPA did not
19 overturn the Constitution, and merely because the SEC can issue a subpoena does not insulate
20 the subpoena's basis from this Court's review. *e.g., Brock,* 860 F.2d 346 (analyzing whether
21 subpoena issued pursuant to 29 U.S.C. § 521(a)(the statutory basis for the Department of Labor's
22 administrative subpoenas) met constitutional muster.)
23      If this Court were to find that the ECPA permits an administrative subpoena to end-run
24 the Constitutional protections described in *Brock* and reaffirmed in *Anonymous Online Speakers*,
25 then Doe contests the facial and as-applied Constitutional validity of the ECPA.

26 **D.    The SEC's offer to provide *in camera* evidence must be rejected.**
27      Misunderstanding the effect of its own administrative rules, the SEC claims that it should
28 be allowed to offer supplemental evidence *in camera* if this Court rejects its reliance on

1  speculation and hearsay in its Opposition. The only authority cited by the SEC for its reliance on
2  as-yet unfiled *in camera* evidence – authority included only in a footnote – is 17 C.F.R. § 203.2.
3  (Opposition at 2 n.1.) But 17 C.F.R. § 203.2 governs only the SEC's management of
4  information, and has no bearing on this Court. The SEC had 14 days to respond to Doe's motion.
5  Civil L.R. 7-3(a). The SEC could have, but did not, move to submit evidence under seal or *in*
6  *camera*. Once Doe's reply is filed, the SEC may not submit supplemental evidence. Civil L.R. 7-
7  3(d). The SEC must abide by its decision to rely on unsupported opinion and speculation in
8  support of its subpoena.

### III.   CONCLUSION

The SEC may only invade Doe's First Amendment rights after demonstrating that it has a legal basis to do so. The SEC relies only on speculation and conclusory statements from its attorneys to justify its administrative subpoena, and the subpoena should be quashed.

Dated: September 9, 2011

**NEWMAN DU WORS LLP**

_____
Derek Newman
Attorneys for Movant John Doe