1  Derek A. Newman, State Bar No. 190467
   derek@newmanlaw.com
2  Keith Scully, Admitted Pro Hac Vice
   NEWMAN DU WORS LLP
3  1201 Third Avenue, Suite 1600
   Seattle, WA 98101
4  Telephone:    (206) 274-2800
   Facsimile:    (206) 274-2801
5  Attorneys for Movant John Doe

6

7                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
8

9  JOHN DOE,                              No. 3:11-mc-80209-CRB

10         Movant,
                                          MOTION FOR DE NOVO
11     v.                                 DETERMINATION[1] OF
                                          DISPOSITIVE MATTER
12                                        REFERRED TO MAGISTRATE
   SECURITIES AND EXCHANGE               JUDGE
13 COMMISSION of the UNITED STATES,

14         Respondent.                    The Honorable Charles R. Breyer
                                          Date: November 18, 2011
15                                        Time: 10:00 a.m.
                                          Location: Courtroom 6, 17th Floor
16

17         NOTICE IS HEREBY GIVEN that on November 18, 2011, at 10:00 a.m., in the

18 courtroom of the Honorable Charles R. Breyer, Movant John Doe will and hereby does

19 move the Court to modify the October 4, 2011 Order Denying Motion to Quash

20 Subpoena of Magistrate Judge Nandor Vadas.

21

22

23
   _____
24 [1] L.R. 72 provides for different mechanisms for review of a dispositive and
   nondispositive order from a magistrate. It is Movant's position that the Magistrate's order
25 is dispositive, because it disposes of the sole issue in this miscellaneous case: whether
   Google must comply with the SEC's subpoena.  However, because the Magistrate
26 captioned his ruling as a nondispositive Order rather than a dispositive Findings and
   Conclusions, this Motion complies with the length and other requirements of L.R. 72(a),
27 governing nondispositive rulings.
28

## I.      INTRODUCTION, RELIEF REQUESTED, AND ISSUE PRESENTED

Free speech protection extends to the right to speak anonymously over the Internet.  In order to overcome Doe's constitutional right to anonymous free speech and discovery Doe's identity from Google's Gmail service through a subpoena, the SEC must demonstrate that discovery of Doe's identity is rationally related to a compelling governmental interest. The SEC produced only conclusory statements that securities violations might have occurred in connection with communications regarding a company's stock, without providing any evidence supporting its claims or proving that Doe's Gmail address was connected to lawbreaking.  Did the Magistrate err in concluding that the SEC produced sufficient evidence to support its subpoena?

## I.      STATEMENT OF FACTS

Doe is the owner of <jeffreyhooke@gmail.com>, a free online email address provided by Google. (Dkt No. 4, Declaration of John Doe in Support of Motion to Quash ("Doe Decl.") at ¶ 3.)   Doe uses <jeffreyhooke@gmail.com> to communicate anonymously over the Internet, including publishing his free-speech protected opinions in online fora. (*Id.*)  Doe has chosen not to use his real name, or publish his identifying information, in connection with <jeffreyhooke@gmail.com> in order to protect his privacy. (Doe Decl. at ¶ 4.)

On August 1, 2011, Google sent an email to Doe indicating that Google received an administrative subpoena from the SEC. (Doe Decl. at ¶ 6.)  The subpoena demands that Google identify Doe and produce all communications between Google and Doe. (Doe Decl. at ¶ 7, Exh. A.) The subpoena indicates that it was issued as part of the SEC's "Jammin Java" investigation. (*Id.*)

Doe moved to quash. In opposition to Doe's motion, the SEC produced only its Order Directing Private Investigation in the Jammin Java matter (the "Jammin Java Order"), a declaration from its attorney, a chart showing the Jammin Java company's

1    stock price, and the Jammin Java corporation's SEC quarterly report. (Dkt. No. 8,

2    Response re Motion to Quash ("SEC's Response") and attachments.)

3

4        The Jammin Java Order is a total of three pages long. (SEC's Response at Exh. 1,

5    Att. A) It recites the language of the Securities Act of 1933, and conclusorily alleges that

6    certain persons may have violated it. (*Id.*)  It contains no factual information, including

7    no information on the source of the SEC's belief, and no details on how or when the

8    Securities Act might have been violated. (*Id.*)  Neither Doe nor the

9    <jeffreyhooke@gmail.com> email account is mentioned. (*Id.*)  Similarly, the declaration

10   from the SEC's attorney conclusorily states that the "SEC has obtained information

11   indicating that the email address 'jeffreyhooke@gmail.com' potentially belongs to a

12   touter" in the Jammin Java "scheme," without providing any supporting evidence. (SEC's

13   Response at Att. 1).

14       On October 4, 2011, Magistrate Judge Nandor Vadas denied Doe's motion to

15   quash. (October 4, 2011 Order Denying Motion to Quash Subpoena ("Order")).

16                          **II.    AUTHORITY**

17

18   **A.    The Magistrate erred by finding that Doe's right to anonymous speech was
            not implicated by the SEC's subpoena.**

19       Doe bore the initial burden of demonstrating that the SEC's subpoena invaded a

20   protected interest. *Brock v. Local* 375, *Plumbers Int'l Union of Am., AFLCIO,* 860 F .2d

21   346, 349 (9th Cir. 1988). The Magistrate erred by finding that Doe had not done so by

22   invoking his right to anonymous free speech. Order, at p. 4:24-5:4.  In *Anonymous Online*

23   *Speakers v. United States Dist. Court* (In re Anonymous Online Speakers), 2011 U.S.

24   App. LEXIS 487 at * 6 (9th Cir. Jan. 7, 2011), the 9th Circuit held that "online speech

25   stands on the same footing as other speech" and that identifying an anonymous Internet

26   speaker invoked constitutional protections.  The Magistrate erroneously relied on pre-

27   *Anonymous Online Speakers* authority to conclude that revelation of Doe's Gmail

28

1    subscriber information did not invade his protected speech rights.  But the subscriber

2    information to a Gmail account identifies the speaker that uses the account, and Doe's

3    right to remain anonymous is implicated by a subpoena discovering that information.

4    **B.     The Magistrate erred in concluding that the SEC proved that discovering**

5    **Doe's identity was rationally related to a compelling governmental interest.**

6            Once Doe has identified a protected interest, the SEC bears the burden of proving

7    that its interest outweighs Doe's constitutional rights. *Perry v. Schwarzenegger*, 591 F.3d

8    1147, 1161 (9th Cir. 2010).  The SEC claims that Doe's Gmail address may have been

9    involved in a "pump and dump" scheme with the Jammin Java coffee corporation.

10   (SEC's Response at 2:5-24). In order to prove that a violation of the Securities Act has

11   occurred under the SEC's "pump and dump" theory, the SEC had to prove that false and

12   misleading statements about Jammin Java were made to the marketplace. *United States v.*

13   *Zolp*, 479 F.3d 715, 717 n.1 (9th Cir. 2007).  The SEC did not produce any statements that

14   it alleged were false.  It admitted that it was "still in the process of determining what

15   federal securities laws violations, if any, have even been committed and by whom."

16   (SEC's Response at 7:22-24.)

17           The SEC's evidence is solely that the Jammin Java company's stock rose and then

18   fell at the same time that the Internet communications regarding the company were made,

19   and that Jammin Java filed documents indicating it had an intellectual property asset and

20   a coffee farm, but had yet to produce any coffee. (SEC's Response at 2:8-13.) A rise and

21   fall of stock in a new company with a valuable intellectual property asset occurs

22   continually in the market, and is not alone evidence of fraud. Moreover, it is not illegal to

23   send communications about a new company with a valuable and as-yet untapped asset.

24   Moreover, the SEC's only admissible evidence supporting its claim that Doe's account

25   was involved was its attorney's conclusory statement.

26   **C.     The Magistrate erred by failing to apply the *Anonymous Online Speakers* test.**

27           The Magistrate correctly held that *Brock v. Local 375, Plumbers Int'l Union*, 860

28   F.2d at 349, mandates that the SEC demonstrate that its administrative subpoena is

rationally related to a compelling governmental interest. Order at 6:9-10. Under any reading of *Brock*, the SEC's evidence fails. But the Magistrate further erred by failing to apply the *Anonymous Online Speakers* test for discovery of anonymous Internet identities via a subpoena, holding that *Anonymous Online Speakers* and its progeny were limited to civil discovery subpoenas and not administrative subpoenas. *Anonymous Online Speakers*, 2011 U.S. App. LEXIS 487. But the tests for administrative subpoenas and civil discovery subpoenas are the same. *e.g., Perry v. Schwarzenegger*, 591 F.3d 1147, 1161 (9th Cir. 2010)(Applying *Brock* to a civil discovery subpoena). The SEC must demonstrate, with evidence sufficient to defeat a motion for summary judgment,[2] that it has a valid legal basis for investigation, prove that Doe's identity is necessary to that investigation, and prove that the harm to Doe's rights is outweighed by investigative needs. *Anonymous Online Speakers,* 2011 U.S. App. LEXIS 487.

### III.   CONCLUSION

The SEC may only invade Doe's First Amendment rights after demonstrating that it has a legal basis to do so. The SEC has presented insufficient information justifying the June 21, 2011 Subpoena, and the subpoena should be quashed.


Dated: October 6, 2011


**NEWMAN DU WORS LLP**

_____
Keith Scully
Attorneys for Movant John Doe

---

[2] The 9th Circuit found no clear error in the District Court's application of the summary judgment standard. *Anonymous Online Speakers,* 2011 U.S. App. LEXIS 487 (9th Cir. Jan. 7, 2011).