MELINDA HARDY (Admitted to DC Bar)
SARAH HANCUR (Admitted to DC Bar)
U.S. Securities and Exchange Commission
Office of the General Counsel
100 F Street, NE, Mailstop 9612
Washington, DC 20549
Telephone:  202.551.5194
Facsimile:  202.772.9263
hardym@sec.gov
hancurs@sec.gov

*Attorneys for Respondent*

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>  Movant,<br><br>v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>  Respondent. | Case No. 3:11-MC-80209-CRB (NJV)<br><br>**U.S. SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO JOHN DOE'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**<br><br>The Honorable Charles R. Breyer<br>Date:   November 18, 2011<br>Time:   10:00 a.m.<br>Place:  Courtroom 6, 17th Floor |

## INTRODUCTION AND ISSUE PRESENTED

Respondent U.S. Securities and Exchange Commission ("SEC") hereby opposes Movant John Doe's Motion for De Novo Determination (Dkt. No. 24) of the Order entered by Magistrate Judge Vadas on October 4, 2011.

## BACKGROUND AND RELEVANT FACTS

This matter arises out of a law enforcement investigation being conducted by the SEC entitled *In the Matter of Jammin Java Corp.* (C-7826) into potential violations of the federal securities laws arising out of an apparent "pump and dump" scheme.  *See* Dkt. No. 11-1, Decl. of K. De Jong ("De Jong Decl."), ¶¶ 2-4.  In particular, the SEC is investigating whether thousands of investors were defrauded out of millions of dollars when they purchased shares of Jammin Java securities at artificially inflated prices based upon online newsletters that were widely disseminated through blast emails, websites, and investor message boards.  De Jong Decl. ¶ 5.

The staff of the SEC (the "Staff") has been seeking information about who sent and is responsible for the newsletters that touted Jammin Java's stock, and has obtained information indicating that an individual using the email address "jeffreyhooke@gmail.com" was involved in the touting activity. De Jong Decl. ¶ 10. To identify that person, on June 20, 2011, the Staff issued an administrative subpoena to Google requesting identifying information for the customer with the email address "jeffreyhooke@gmail.com." De Jong Decl. ¶ 11. The subpoena was issued in accordance with the Electronic Communications Privacy Act (the "ECPA"), *see* 18 U.S.C. § 2703(c)(2), and does not seek the content of any email sent to or from "jeffreyhooke@gmail.com" except those sent to or from Google. *See* Dkt. No. 11, Opposition to Motion to Quash at 3-4.

On August 18, 2011, Movant filed a motion to quash, alleging that the subpoena violates Movant's First Amendment right to anonymous speech. Dkt. No. 1. The motion was referred to Magistrate Judge Vadas as a discovery matter on September 12, 2011 (Dkt. No. 15), and Judge Vadas entered an order denying Movant's motion to quash. *See* Dkt. No. 23, 10/4/11 Order ("Order"). Movant filed objections pursuant to Federal Rule of Civil of Procedure 72(b) on October 7, 2011.[1]

## **ARGUMENT**

### I.      **Movant Should Have Filed Objections Under Rule 72(a) And Local Rule 72-2**

Initially, Movant suggests that although the Court referred the motion to quash to the Magistrate Judge as a non-dispositive discovery matter under Federal Rule of Civil Procedure 72(a) (*see* Dkt. No. 15), it should have been referred as a dispositive motion under Rule 72(b). Movant does not cite any authority to support this position, and it is inconsistent with prevailing law. The Federal Magistrates Act (28 U.S.C. § 631 *et seq.*) classifies eight motions as "dispositive." *See* 28 U.S.C. § 636(b)(1)(A) (listing motions (i) for injunctive relief, (ii) for judgment on the pleadings, (iii) for summary judgment, (iv) to dismiss or quash an indictment or information made by the defendant, (v) to suppress evidence in a criminal case, (vi) to dismiss or to permit maintenance of a class action,

---

[1] As detailed in Section I, infra, the SEC believes Federal Rule of Civil Procedure 72(a) and Civil L.R. 72-2 provide the procedures applicable to this matter. Civil L. R. 72-2 does not require the filing of an opposition; however, the SEC is filing this short response because Movant purported to file its objections pursuant to Federal Rule of Civil Procedure 72(b) and the current docket report provides a schedule for the SEC's opposition.

1  (vii) to dismiss for failure to state a claim upon which relief can be granted, and (viii) to involuntarily
2  dismiss an action). The Ninth Circuit has explained that "any motion not listed, nor analogous to a
3  motion listed in this category, falls within the non-dispositive group of matters which a magistrate
4  may determine." *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 748 (9th Cir. 1990).

5        Motions to quash are not listed as one of the eight "dispositive motions" under 28 U.S.C. §
6  636(b)(1)(A). Nor is the motion to quash at issue here analogous to any of the enumerated motions.
7  *See Neuhaus v. SEC*, 2007 WL 1322340, at *1, n.1 (C.D. Cal. May 4, 2007) (finding that SEC
8  investigative subpoenas are "no different from any discovery matter"). Accordingly, Movant's
9  motion to quash is non-dispositive, Movant's objections to the Order should have been filed under
10 Federal Rule of Civil Procedure 72(a), and the Order should be reviewed under the "clearly
11 erroneous" standard specified by Rule 72(a).

12 **II.  Judge Vadas Properly Denied Movant's Motion To Quash**

13       Movant's motion to quash was properly denied because Movant did not establish a prima
14 facie showing of First Amendment infringement. Order at 9:13-9:16. The Ninth Circuit has held that
15 with respect to an administrative subpoena issued during an investigation, an individual who believes
16 his First Amendment rights may be violated must make a "prima facie showing of arguable first
17 amendment infringement." *Brock v. Local 375, Plumbers Int'l Union*, 860 F.2d 346, 350 (9th Cir.
18 1988) (citing *Buckley v. Valeo*, 424 U.S. 1, 66 (1976)). A prima facie showing requires "objective
19 and articulable facts, which go beyond broad allegations or subjective fears." *Id.* at 350 n.1.

20       Movant has simply asserted that he uses the "jeffreyhooke@gmail.com" email address "to
21 publish his opinions pseudonymously on the Internet." *See* Dkt. No. 2, 8/18/11 Doe Memorandum
22 ("Doe Memorandum") at 3. This bare assertion is wholly insufficient; it fails to explain the nature of
23 Movant's alleged anonymous speech or how the SEC's request for *subscriber identifying information*
24 in a confidential investigation infringes upon his speech. In addition, as Judge Vadas found, Movant
25 has failed to demonstrate that he has *any* protected First Amendment interests in the non-content
26 information sought by the subpoena because Movant voluntarily provided the information to Google
27 when he created his email account. Order at 5:5-6:11; 9:7-9:10.

28

Even if Movant had made a prima facie showing of First Amendment infringement, the motion to quash was still properly denied. Once a prima facie case is established, the burden shifts to the government to show (1) "that the information sought through the subpoena[] is rationally related to a compelling governmental interest," and (2) that "the government's disclosure requirements are the 'least restrictive means' of obtaining the desired information." *Brock* at 350. The SEC provided evidence that satisfies that burden. [2]

The information being sought by the Staff is rationally related to a compelling government interest. The Exchange Act empowers the SEC to "make such investigations as it deems necessary to determine whether any person has violated, is violating, or is about to violate any provision of this chapter [or] the rules or regulations thereunder" and to demand to see any papers "the Commission deems relevant or material to the inquiry." 15 U.S.C. §§ 78u(a), (b); *see also* Order at 8:8-8:16. In the course of their investigation, the Staff identified Movant's email address as one that potentially was used by an individual involved in the "pump and dump" scheme and issued an administrative subpoena to identify that individual. *See* De Jong Decl. ¶ 10. Thus, the customer identifying information for "jeffreyhooke@gmail.com" is directly related to the SEC's investigation and could be crucial to taking action to address a multi-million dollar fraud. The SEC also has used the least restrictive means, consistent with the ECPA, to obtain the identity of the holder of the email address by seeking only subscriber information.

Movant does not dispute that the SEC is conducting a legitimate investigation, that the information it is seeking is central to its investigation, or that the subpoena uses the least restrictive means to seek information. Instead, Movant contends, without support, that the Magistrate Judge "erred by failing to apply the *Anonymous Online Speakers* test" to analyze the motion to quash. *See* Mot. for De Novo Determination at 4-5. Under Movant's proposed standard, adopted from discovery disputes arising in civil litigation about the discoverability of the identity of persons who have made

---

[2] Because he found that the Movant had failed to make a prima facie showing of First Amendment infringement, Judge Vadas did not address the burden-shifting elements of *Brock*. However, Judge Vadas' findings relating to his conclusion that the subpoena sought information relevant to a legitimate investigation indicate that the SEC had a compelling interest.

statements alleged to be defamatory, a person must "submit evidence establishing its legal claims. . . sufficient to overcome a motion for summary judgment." *See* Doe Memorandum (Dkt. No. 2) at 4 (citing *In re Anonymous Online Speakers*, 2011 U.S. App. LEXIS 487 at *14-16 (9th Cir. Jan. 7, 2011) and similar cases). This standard, which applies when specific expressive speech is at issue, has never been applied in the context of an investigative subpoena issued by a government agency. Applying it to an investigative subpoena turns the SEC's investigative process on its head, forcing the SEC to prove that securities fraud has occurred before it can seek the identity of the person who made the potentially fraudulent statements. *See* Order at 4:18-5:4.

## CONCLUSION

For the foregoing reasons, the SEC requests that this Court deny Movant's motion to quash the administrative subpoena to Google and order Google to comply with the subpoena forthwith.[3]

Dated: October 14, 2011

               /s/ Melinda Hardy

              MELINDA HARDY (Admitted to DC Bar)
              SARAH HANCUR (Admitted to DC Bar)
              U.S. Securities and Exchange Commission
              Office of the General Counsel
              100 F Street, NE, Mailstop 9612
              Washington, DC 20549
              Telephone: 202.551.5194
              Facsimile: 202.772.9263
              hardym@sec.gov
              hancurs@sec.gov

              *Attorneys for Respondent*

---

[3] To the extent that the Court requires argument on this matter, the SEC requests that it occur before the November 18, 2011 date specified in Movant's objections. As an initial matter, the November 18 date does not comply with the 35 day requirement of Civil L.R. 7-2. More importantly, however, the Staff is eager to obtain the information being sought from Google and continue its investigation. The Staff voluntarily deferred enforcement of the relevant subpoena pending resolution of Movant's motion. After Judge Vadas denied Movant's motion to quash, however, the Staff requested that Google comply with the subpoena immediately. In response, and without providing any authority supporting its position, Movant instructed Google not to comply with the Staff's subpoena. Google has followed Movant's instructions. Thus, it appears that absent an affirmative ruling from the Court, either as part of this action or through a subpoena enforcement action, Google will refuse to comply with the subpoena. *See generally* Declaration of Melinda Hardy (Oct. 14, 2011) at ¶¶ 2-4.