**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE,

             Movant,

    v.

U.S. SECURITIES AND EXCHANGE
COMMISSION,

             Respondent.

_____/

No. MC 11-80209 CRB

**ORDER DENYING MOTION TO
STAY**

       In the course of an investigation into potential securities fraud, the SEC subpoenaed Google.com to disclose the identity of the holder of certain Gmail email accounts.[1]  Doe moved to quash the subpoenas, and the Court denied the motion.  Doe is now moving for a protective order or stay of the administrative subpoena pending the issuance of the mandate of his appeal of this Court's prior decision by the Ninth Circuit.  Since the relevant factors do not weigh in favor of a stay, the Court DENIES the motion.

## I.      FACTUAL BACKGROUND

      The SEC issued an administrative subpoena demanding Google identify Doe, who is the owner of an anonymous Gmail account, jeffreyhooke@gmail.com.  Doe moved to quash the subpoena.  Magistrate Judge Vadas denied the motion to quash.  Dkt. 20.  This Court also denied the motion to quash on November 17, 2011, upon Doe's moving for de novo

---

[1] There are three motions for a stay before the Court in three related cases: Case Nos. 11-80184, 11-80208, and 11-80209.  The facts are nearly identical in all three motions.

1    determination of the issue.  Dkt. 25.  Doe filed a timely notice of appeal with the Ninth

2    Circuit.  Dkt. 26.  The SEC is requesting that Google produce the documents immediately.

3    Declaration of Keith Scully in support of Mot. for Stay ("Scully Decl.") ¶ 3, Att. A.  Doe

4    believes that if Google produces the documents, his appeal will be moot.  Scully Decl. ¶ 4.

5    Thus, he is moving for a protective order or stay pending his appeal to the Ninth Circuit.

6    Dkt. 30.

7    **II.     LEGAL STANDARD**

8          The parties again disagree on the correct legal standard governing this motion.  Doe

9    argues that Federal Rule of Civil Procedure 26(c)(1) allows this Court to issue a protective

10   order setting the time for disclosure of information pursuant to a subpoena upon a showing of

11   good cause.  In considering a protective order, this Court balances the parties' interests.

12   Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985).

13         The SEC argues that Doe's requested relief – cessation of the SEC's efforts to obtain

14   Doe's email subscriber information pending review by the Ninth Circuit – can only be

15   construed as a request for an injunction pending appeal under Federal Rule of Civil

16   Procedure 62(c).  Federal Rule of Civil Procedure 62(c) grants a district court the power to

17   "suspend, modify, restore, or grant an injunction" while "an appeal is pending from an

18   interlocutory order or final judgment that grants, dissolves, or denies an injunction."

19         There does not appear to be any support for the idea that after a district court has

20   entered its judgment – here denying a motion to quash the subpoenas – and thus disposed of

21   the case, that the rules governing discovery would still apply to stay the effectuation of that

22   judgment.  In fact, the weight of authority is to the contrary.  The Supreme Court has stated

23   that Federal Rule of Civil Procedure 62 governs a motion to stay pending appeal.  Hilton v.

24   Braunskill, 481 U.S. 770, 776 (1987).  This is because a party's filing of a notice of appeal

25   generally divests the district court of jurisdiction over the matter being appealed.  Griggs v.

26   Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).  Yet, it does not deprive a district

27   court of jurisdiction over a motion for stay of its judgment or to grant an injunction pending

28

United States District Court
For the Northern District of California

appeal.  See Fed. R. Civ. P. 62; see also Cobell v. Norton, 310 F. Supp. 2d 77, 83 n.10 (D.D.C. 2004).

This view is supported by McCammon v. United States, 588 F. Supp. 2d 43, 46 (D.D.C. 2008).  In McCammon, the underlying proceeding involved a motion to quash five Internal Revenue Service ("IRS") subpoenas issued to third-party record-keepers, and the district court accepted the IRS's contentions that "cases concerning IRS administrative summons are 'in the nature of an injunction,'" and that petitioner's motion to quash "should be characterized as an action for an injunction."  Id. at 47 (internal citations omitted).  Thus, the district court concluded that the motion for a stay pending appeal should be analyzed under Rule 62(c).  Id.[2]

This is also similar to the course followed by a court in this district in an analogous case.  In F.T.C. v. Ameridebt, Inc., 2006 WL 618563, at *1 (N.D. Cal. Mar. 13, 2006), the Court dealt with a motion to quash a subpoena to Google requesting production of emails from a Google email account.  After denying the motion to quash, the Court dealt with petitioner's motion to stay pending appeal.  The Court stated that, "[a]lthough [petitioner] filed a notice of appeal, this Court retains jurisdiction under Federal Rule of Appellate Procedure 8 to stay its own order pending appeal."  Id.  These standards are identical to the standards under Federal Rule of Civil Procedure 62(c): "In order to prevail on his Motion to Stay, [petitioner] must show that (1) he is likely to succeed on the merits of the appeal; (2) he will suffer irreparable injury in the absence of a stay; (3) the [defendant] will not suffer substantial harm if a stay is imposed; and (4) the stay will not harm the public interest."  Id. (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

Thus, since the Court's previous order disposed of the entire issue in the case, and Doe now moves to stay the enforcement of the administrative subpoenas the Court declined

---

[2] Doe's attempt to distinguish McCammon on the fact that the Court did not consider Fed. R. Civ. P. 26 is unavailing, as there does not appear any reason that the Court should have done so, as the district court does not appear to continue to have such authority once a notice of appeal has been filed on the particular issue – except for within the confines of Rule 62.  The cases Doe cites to support his position that the district does have such power do not deal with the situation presented here; but rather, with the general authority of the district court to direct administrative subpoenas while the issues are still pending before the district court.

United States District Court
For the Northern District of California

to quash, Doe is essentially asking this Court to enjoin the enforcement of its decision – the enforcement of those subpoenas.  This, in conjunction with the district court generally losing jurisdiction over the subject of an appeal subsequent to the filing of a notice of appeal, subject to the exceptions in Federal Rule of Civil Procedure 62, counsels that Rule 62 is the proper rule to govern this situation.  Thus, the Court finds that Rule 62 rather than Rule 26 applies.

Accordingly, Doe must demonstrate that: (1) he is likely to succeed on the merits of the appeal; (2) he will suffer irreparable injury in the absence of a stay; (3) the [defendant] will not suffer substantial harm if a stay is imposed; and (4) the stay will not harm the public interest.  <u>Hilton</u>, 481 U.S. at 776.  The Court analyzes the first two factors on a sliding scale in which the "required degree of irreparable harm increases as the probability of success decreases," and considers "where the public interest lies separately from and in addition to whether the applicant for a stay will be irreparably injured absent a stay."  <u>Golden Gate Rest. Ass'n v. City of San Francisco</u>, 512 F.3d 1112, 1115-16 (9th Cir. 2008).

**III.    DISCUSSION**

The factors tip in favor of denying the motion for a stay.

**A.    Likelihood of Success on the Merits**

This Court, affirming a decision by Magistrate Judge Vadas, denied Doe's motion to quash subpoenas from the SEC.  This Court found that while Doe had articulated a free speech interest in his subscriber information, the SEC was entitled to the subpoenaed information because it had shown a compelling governmental interest in investigating potential violations of the federal securities laws and had used the least restrictive means of pursuing that interest.  Order at 5:15-6:25.

In coming to this decision, this Court found that <u>In re Anonymous Online Speakers</u>, — F.3d —, No. 09-71265, 2011 WL 61635 (9th Cir. Jan. 7, 2011), did not apply because "in speech cases the balancing of two private interests has long differed from the balancing of a private interest against a compelling governmental interest" and in <u>Anonymous Online Speakers</u> "there was simply no governmental interest at issue." Order at 7:22-8:5.

United States District Court
For the Northern District of California

4

United States District Court
For the Northern District of California

Doe argues he is likely to succeed on the merits of his claim because the Ninth Circuit will likely expand the Anonymous Online Speakers holding to the administrative subpoena realm.  Moreover, Doe argues this Court read too much into Brock v. Local 375, Plumbers Int'l Union, 860 F.2d 346 (9th Cir. 1988), and failed to take into account that the SEC must provide more information prior to the issuance of such a subpoena: "the SEC must first confirm that a law has been violated and tie the protected information to that violation."  Mot. at 5.  The Court believes the previous order correctly determined the reach of Brock and Anonymous Online Speakers, and it is not likely that Doe will succeed on the merits of his claim.  Still, the Court acknowledges that there is not much guidance in this area from the Circuit, thus, it is possible that when faced with the situation for the first time, the Circuit might provide more guidance that would benefit Doe.

Doe also points to Federal Election Comm. v. La Rouche Campaign, 817 F.2d 233, 235 (2d Cir. 1987), to support the claim that the Ninth Circuit will reverse the district court decision.  In Federal Election Comm., the Court found that "where political activity and association . . . form the subject matter being investigated" and "where the disclosure sought will compromise the privacy of individual political associations, and hence risks a chilling of unencumbered associational choices, the agency must make some showing of need for the material sought beyond its mere relevance to a proper investigation."  817 F.2d at 234-35.  It is not clear why Doe failed to cite this or any of his additional cases in any of his prior briefing.[3]  Perhaps it is because this case does not involve political association.  Doe does not indicate that his political association would be affected by the release of his identity to the SEC from an anonymous email account.  In fact, he has not made any specific claims in this regard.  Finally, as the Order determined, the SEC met the compelling interest test.

---

[3] United States v. Comley, 890 F.2d 539, 541 (1st Cir. 1989) also does not necessarily demonstrate a likelihood of success on the merits.  There, the government was seeking transcripts of tapes, rather than simply the identity of an email address.  Moreover, while Doe states the SEC has not provided the Court enough information regarding the potential violation, it is not correct that the Court has no basis to conclude that the government is engaged in a legitimate investigation, as Plaintiff alleges.  Reply at 5.

5

**United States District Court**
For the Northern District of California

The SEC's compelling interest is supported by Ninth Circuit precedent on point, where the Court upheld the government's ability to fashion subpoenas to investigate possible criminal violations. See Dole v. Serv. Employees Union, 950 F.2d 1456, 1461 (9th Cir. 1991) ("[I]nvestigating possible criminal violations of the LMRDA serves a compelling government interest."). Doe's attempt to distinguish Dole is unavailing. That the Dole appeal was a challenge to the scope of a protective order has no impact on this general statement of the law as set out by the Circuit. Thus, there is not a strong likelihood of success on the merits.

### B.   Irreparable Injury

Doe argues he will be irreparably harmed if the subpoena is enforced. He argues that since the litigation is solely about whether the SEC may subpoena the identity of Doe, releasing his identity now will effectively moot the case.

The SEC argues that compliance with the subpoena would not moot the case because the Court would still be able to fashion some form of meaningful relief, relying in principle upon Church of Scientology of Ca. v. United States, 506 U.S. 9 (1992). There the Supreme Court held that the Church of Scientology's appeal of an order enforcing an IRS summons for materials allegedly protected by the attorney-client privilege was not moot even though the party holding the requested materials (a district court clerk) had complied with the summons and provided the materials to the IRS. Id. at 11. The Supreme Court found that "[w]hile a court may not be able to return the parties to the *status quo ante* – there is nothing a court can do to withdraw all knowledge or information that IRS agents may have acquired by examination of the tapes – a court can fashion some form of meaningful relief in circumstances such as these." Id. at 12-13 (emphasis in original). Therefore, "a court does have power to effectuate a partial remedy by ordering the Government to destroy or return any and all copies it may have in its possession. The availability of this possible remedy is sufficient to prevent this case from being moot." Id. at 13. The SEC argues that since production of documents will not moot his appeal, Doe has failed to show any irreparable harm.

6

In response, Doe points to <u>John Roe, Inc. v. United States (In re Grand Jury Proceedings)</u>, 142 F.3d 1416 (11th Cir. 1998).  In <u>Roe</u>, the Eleventh Circuit distinguished <u>Church of Scientology</u> because there were not documents that could be destroyed or returned.  142 F.3d at 1422.  In <u>Roe</u>, the target of a grand jury investigation unsuccessfully moved to quash a subpoena mandating the target's attorney testify before a grand jury.  The Court dismissed the appeal as moot, finding <u>Church of Scientology</u> distinguishable because "the summons at issue in <u>Scientology</u> compelled the production of tangible physical property – audio tapes – not intangible witness testimony."  <u>Id.</u>  "Given this distinction, there is no analogous effective relief that could be granted to appellants in the instant case.  Physical property can be retrieved; words, once uttered, cannot."  <u>Id.</u>; <u>see also</u> <u>In re Security Life Ins. Co. of Am.</u>, 228 F.3d 865, (8th Cir. 2000) (finding appeal challenging order compelling attendance at deposition mooted by compliance because "physical property can be retrieved; words, once uttered, cannot").

The Court disagrees that this situation is as dire as <u>Roe</u>, and that there is no possible remedy that could be fashioned.  The SEC is seeking the identity of the person who has registered a certain Gmail screen name.  While this is in some way akin to "words" as opposed to documents, in the sense that it cannot be returned or destroyed once turned over, the Court does not believe this leads to the inevitable conclusion that <u>no</u> remedy could be fashioned.  If the Ninth Circuit finds the subpoena improper and reverses this Court's order denying the motion to quash, this Court will require the SEC to disavow reliance on any information gained from the subpoena.  The SEC will have to demonstrate that all information in the investigation was independently discovered, and not analogous to a "fruit of the poisonous tree" of the subpoenaed information.  <u>See</u> <u>Wong Sun v. United States</u>, 371 U.S. 471, 488 (1963).  While this is a "partial remedy," the Court believes it is still a remedy to the harm that would prevent the issue from becoming moot upon the issuance of the subpoena.  "The availability of this possible remedy is sufficient to prevent this case from being moot."  <u>Church of Scientology of Ca.</u>, 506 U.S. at 11.  Thus, the Plaintiff has not demonstrated irreparable harm from the failure to grant the stay.

**United States District Court**
For the Northern District of California

### C.     Balance of the Hardships

The SEC argues it will be harmed by continued delay to an important investigation: "The SEC's efforts to identify all possible perpetrators of a multi-million dollar securities fraud via their email account subscriber information have been delayed for nearly six months pending resolution of Movant's objections." Opp'n 7. The SEC argues that since Doe's objections have been fully considered and rejected twice, additional delay would unduly prejudice the investigation as well as any enforcement action stemming from the investigation because: (1) documents could be spoiled or destroyed, memories can fade, and potentially probative testimony could be lost; (2) the parties might continue to engage in unlawful conduct; and (3) the proceeds may be transferred and hidden beyond the reach of the government. Id.; see United States v. Bright, 2008 WL 351215, at *3 (D. Haw. Feb. 7, 2008) (recognizing delayed enforcement and possible loss of records or testimony as factors demonstrating injury to the Government).

In contrast, Doe argues that the SEC has provided nothing to substantiate their claims of alleged harm. In addition, Doe argues that since the majority of trading in question happened between December 2010 and May 2011 and the SEC has not provided any evidence that violations are ongoing, and thus, there is not a harm from delay. Doe states his irreparable harm of losing his right to appeal through mootness outweighs the SEC's unsubstantiated claims of harm.

Continued delay to the investigation and any possible enforcement action demonstrates injury to the Government, see Bright, 2008 WL 351215, at *3. As the Court finds Doe will not suffer irreparable harm, the balance tips in favor of the Government.

### D.     Public Interest

"The Government's interest is in large part presumed to be the public's interest." United States v. Rural Elec. Convenience Cooperative Co., 922 F.2d 429, 440 (7th Cir. 1991). Thus, to the extent the Government is harmed by a delay in investigating and enforcing possible violations of the securities laws, the public interest weighs against a stay. This factor thus tips in favor of the SEC.

**IV.    CONCLUSION**

Given the balance of the above factors, the Court DENIES the motion to stay.

**IT IS SO ORDERED.**

Dated: January 10, 2012

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California